IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| TOWN OF WEST SENECA : | CIVIL ACTION – LAW | |
| Plaintiffs : | | |
| : | NO.: 25-cv-270 | |
| v. : | | |
| : | | |
| ARGONAUT INSURANCE COMPANY; : | | |
| ATKIN CONSTRUCTION CORP. : | | |
| Defendant : | | |
| : | | |

**DEFENDANT ARGONAUT INSURANCE COMPANY'S NOTICE OF REMOVAL**

Defendant Argonaut Insurance Company ("Argonaut"), by and through its counsel, Gerber Ciano Kelly Brady LLP, hereby files this Notice of Removal, pursuant to 28 U.S.C. §§ 1441(a) and (b) and 1446(b), (c)(2), to remove this action from the Supreme Court of New York, County of Erie, Index No. 802288/2025 ("the State Action"), where it is now pending, to the United States District Court for the Western District of New York. In support thereof, Argonaut avers as follows:

1. On February 5, 2025, Plaintiff initiated the State Action by filing a Summons and Complaint. True and correct copies of which are attached in the Index filed herewith as Exhibit "B".

2. On February 25 and 28, 2025, Plaintiff served copies of the Summons and Complaint upon Argonaut via the Department of Financial Services and the Corporation Service Company in Albany, New York, respectively. *See* a true and correct copy of the Affidavit of Service filed in the State Action is attached in the Index filed herewith as Exhibit "C".

3. On February 19, 2025, Plaintiff served copies of the Summons and Complaint upon Defendant Atkin Construction Corp. *See* a true and correct copy of the Affidavit of Service filed in the State Action, which attached in the Index filed herewith as Exhibit "D".

1

4. Pursuant to 28 U.S.C. § 1446(b)(1), a notice of removal of a civil action shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action is based.

5. Each defendant has thirty (30) days from when it received service to file a notice of removal. *Pietrangelo v. Alvas Corp.*, 686 F.3d 62, 65 (2d Cir. 2012); *Struggs v. City of New York*, 146 F. Supp. 3d 461, 463 (E.D.N.Y. 2015) ("district courts in this Circuit have generally applied the last-served defendant rule, in which defendants have thirty days from the date that the last defendant is served to file a notice of removal.")

6. Removal of the State Action to this Court is timely pursuant to 28 U.S.C. § 1446(b)(1).

7. Venue is proper under 28 U.S.C. § 1441(a) because the Supreme Court of New York, County of Erie, is within the jurisdiction of the United States District Court for the Western District of New York.

8. Also, as set forth below, the Court has jurisdiction pursuant to 28 U.S.C. § 1332, because the parties are completely diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs.

9. Based on information and belief, Plaintiff Town of West Seneca is a municipal corporation organized under the laws of the State of New York with its principal place of business located in West Seneca, New York.

10. Plaintiff is, therefore, a citizen of the State of New York.

11. Defendant Argonaut is incorporated in Nebraska with its principal place of business in Chicago, Illinois.

12. Defendant Argonaut is, therefore, a citizen of the State of Nebraska and the State of Illinois.

13. As Plaintiff is a citizen of the State of New York and Argonaut is a citizen of the State of Nebraska and the State of Illinois, the parties are diverse pursuant to 28 U.S.C. § 1332(a)(1), and, as set forth below, the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

14. Defendant Atkin Construction Corp. is a nominal defendant, whose citizenship is not considered in the court's diversity analysis. *See Pac. Westeel Racking Inc. v. Evanston Ins. Co.*, No. 06-cv-14243, 2008 WL 400935, at *3, 2008 U.S. Dist. LEXIS 11053 (S.D.N.Y. Feb. 14, 2008) (finding that the claimant in an underlying action that is named as a defendant and interested party in the insurance coverage action from whom no relief is sought is considered a nominal defendant whose citizenship has no bearing on diversity)).

15. While courts generally require some form of unambiguous written evidence of consent by all defendants for the filing of a notice of removal, an exception to this rule is when the non-joining defendant is a nominal party, *i.e.*, a party to an action where no cause of action or claim for relief is or could be stated against it. *See Pac. Westeel Racking Inc.*, supra at *2-3 (finding that the consent to removal by the underlying claimant named as a defendant in a declaratory judgment action was not required because such claimant was a nominal party as the plaintiff-insured did not assert any cause of action against him).

16. Here, because Plaintiff asserts causes of action for declaratory judgment against Argonaut only and does not assert any cause of action against Defendant Atkin Construction Corp., Defendant Atkin Construction Corp. is a nominal defendant whose consent to removal is not required.

17. In this action, Plaintiff seeks declarations as to Argonaut's duties and obligations owed to Plaintiff under liability insurance policies, inclusive of no. PE-4624042-05, issued by Argonaut to Plaintiff for a lawsuit initiated by Defendant Atkin Construction Corp. and styled, *Atkin Construction Corp. v. Town of West Seneca*, Supreme Court of New York, County of Erie, Index No. 814020/2020 ("the Underlying Action"). *See* Ex. "B", ¶¶ 5 and 7.

18. Specifically, Plaintiff seeks a declaration that Argonaut has an obligation to defend and indemnify Plaintiff in the Underlying Action involving claims by Atkin Construction Corp. arising out of alleged property damage caused by the negligence of Plaintiff with respect to the operation of a stormwater system in the subdivision within the Town of West Seneca. *See* Ex. "B", ¶¶ 8, 31, and 39.

19. Plaintiff asserts that it has/will incur certain defense expenses in connection with the Underlying Action. *See* Ex. "B", ¶ 20.

20. Plaintiff does not specify the amount of its damages in the Complaint.

21. Pursuant to 28 U.S.C. § 1446(c)(2), this Notice of Removal may assert the amount in controversy, and removal of the action shall be deemed proper, if the amount in controversy stated herein is found by a "preponderance of the evidence" to exceed the amount specified in 28 U.S.C. § 1332(a), *i.e.*, $75,000, exclusive of interest and costs. *Crane Equip. & Servs., Inc. v. B.E.T. Const., Inc.*, No. 14-CV-175S, 2015 WL 471323, at *2 (W.D.N.Y. Feb. 4, 2015).

22. In declaratory judgment actions based on diversity jurisdiction, "it is well established that the amount in controversy is measured by the value of the object of the litigation." *Am. Safety Cas. Ins. Co. v. 385 Onderdonk Ave., LLC*, 124 F. Supp. 3d 237, 241 (E.D.N.Y. 2015), quoting *Correspondent Servs. Corp. v. First Equities Corp. of Fla.*, 442 F.3d 767, 769 (2d Cir.2006).

23. "[T]he amount in controversy is not necessarily the money judgment sought or recovered, but rather the value of the consequences which may result from the litigation." *Beacon Constr. Co. v. Matco Elec. Co.*, 521 F.2d 392, 399 (2d Cir. 1975). "This value is measured from the plaintiff's perspective and is 'the monetary value of the benefit that would flow to the plaintiff if ... declaratory relief were granted.' " *Michael J. Redenburg, Esq. PC v. Midvale Indem. Co.*, 515 F. Supp. 3d 95, 101 (S.D.N.Y. 2021), quoting *Citak & Citak v. St. Paul Travelers Cos., Inc.*, No. 07 Civ. 5459 (WHP), 2007 WL 4592328, at *2 (S.D.N.Y. Dec. 27, 2007)). Therefore, the court considers the value of indemnifying the purported insured from the underlying claim and the costs associated with its defense. *Union Mut. Fire Ins. Co. v. Morningstar Richmond LLC*, No. 23-CV-5246(DLI)(JAM), 2023 WL 8003333, at *2 (E.D.N.Y. Nov. 17, 2023).

24. The Notice of Removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" and "do[es] not need to prove to a legal certainty that the amount in controversy has been met." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

25. As alleged in the State Action, Plaintiff seeks a declaration of rights arising under a liability insurance policy issued by Argonaut with respect to the Underlying Action. See Ex. "B", ¶ 7.

26. A review of the complaint in the Underlying Action indicates that the case involves alleged damages "in excess of $3,000,000".

27. In the State Action, Plaintiff seeks a declaration that Argonaut owes indemnity for the Underlying Action under policy no. PE-4624042-05, which has limits of liability of $1,000,000 per occurrence.

28. Therefore, the monetary value of the benefit that would flow to Plaintiff if declaratory relief were granted exceeds the $75,000 jurisdictional threshold.

29. Accordingly, given the potential total value of the Underlying Action, the potential indemnity under policy no. PE-4624042-05 with limits of liability of $1,000,000 per occurrence, and the defense costs associated with defending the State Action, there is, at a minimum, a plausible allegation that the amount in controversy exceeds the $75,000 jurisdictional threshold. *See* 28 U.S.C. § 1332(a).

30. Based on the foregoing, the requirements of 28 U.S.C. §§ 1441(a), 1441(b), and 1446(b), 1446(c)(2) have been satisfied, and the matter is properly removable.

31. Written notice of the filing of this Notice of Removal will be served upon Plaintiff's counsel and Atkin Construction Corp., pursuant to 28 U.S.C. § 1446(d).

32. Additionally, a copy of this Notice of Removal is being served upon counsel for Plaintiff and Atkin Construction Corp. and is being filed contemporaneously with the Clerk of the Supreme Court of New York, County of Erie, as required by 28 U.S.C. § 1446(d).

**WHEREFORE**, Defendant Argonaut Insurance Company respectfully requests that the State Action be removed from the Supreme Court of New York, County of Erie, to the United States District Court for the Western District of New York.

Dated: March 26, 2025
       Buffalo, New York

**GERBER CIANO KELLY BRADY LLP**

By: _____
Dominick Roa, Esq.
599 Delaware Avenue Suite 100
Buffalo, NY  14202
Direct: (716) 402-5830
Fax: (646) 350-1901
droa@gerberciano.com

<b><u>CERTIFICATE OF SERVICE</u></b>

I, Dominick Roa, Esquire, hereby certify that on the 26th day of March, 2025, Defendant Argonaut Insurance Company's Notice of Removal, Index, and Civil Cover Sheet were served on Plaintiff's counsel by email and Defendant Atkin Construction Corp. via first-class mail, as follows:

> Chris G. Trapp, Esq.
> Greco Trapp, PLLC
> 14 Lafayette Sq., Ste. 1700
> Buffalo, NY 14203
> E: cgtrapp@grecolawyers.com
> *Attorneys for Plaintiff*

> Atkin Construction Corp.
> 2493 Rubyvale Drive
> University Heights, OH 44118

**GERBER CIANO KELLY BRADY LLP**

By: _/s/ Dominick Roa_
Dominick Roa, Esq.
599 Delaware Avenue Suite 100
Buffalo, NY 14202
Direct: (716) 402-5830
Fax: (646) 350-1901
droa@gerberciano.com